IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ADAM MILLER**, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| **AVIENT CORPORATION**, | ) ) ) | |
| Defendant. | ) | |

Plaintiff Adam Miller files this Complaint against Defendant Avient Corporation, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. (FLSA) and Ohio Revised Code § 4111.03(D). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA and Ohio law.

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendant at its Massillon, Ohio facility and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. During relevant times, Plaintiff has been an adult individual residing in this District and Division. Plaintiff's written Consent to Join form is attached as **Exhibit A**.

8. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

9. Defendant is a for-profit Ohio corporation, with its principal place of business located at 33587 Walker Rd., Avon Lake, OH 44012 (Lorain County). Defendant can be served at its registered agent: CT Corporation System, at 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

## FACTUAL ALLEGATIONS

10. Defendant is an international plastics manufacturer. It is headquartered in Avon, Ohio.

11. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. The location at which Plaintiff and others similarly situated work/worked, was formerly known as PolyOne Corporation.[1] The address is 1675 Navarre Rd SW, Massillon, OH 44646.

15. Plaintiff was employed as a non-exempt hourly production worker from approximately January 25, 2018, until approximately January 25, 2021. His title was machine operator. His hourly rate was approximately $21.22.

16. Production employees, including Plaintiff and others similarly situated, work in the manufacturing of paints for Defendant. Their job duties include handling materials such as chemicals and powders used in paint production.

17. Plaintiff and others similarly situated are required to arrive to work approximately 15 minutes early to perform compensable work that is not paid. Such work includes, gathering tools from their lockers, such as knives, box cutters, and tool belts.

18. During this time, Plaintiff and others similarly situated also don protective gear, such as steel toe boots and eye protection, and sometimes Tyvek suits.

19. Defendant prohibits Plaintiff and others similarly situated from taking their tools, tool belt, and boots out of the facility. This is because of the contaminating characteristics of the materials, chemicals, and powders used in Defendant's paint production.

20. Additionally, Plaintiff and others like him, are required to wash their hands before starting their shift. There regularly are lines and waiting time associated with handwashing.

---

[1] *See e.g.*, https://www.avient.com/investor-center/news/polyone-completes-clariant-masterbatch-acquisition-announces-new-name-avient-corporation;
https://lookup.icann.org/en/lookup (search www.polyone.com);
https://businesssearch.ohiosos.gov?=businessDetails/4508258 (last viewed 6/2/22).

21. Plaintiff and others similarly situated are required to complete this work and be ready at their workstations by the shift start time. If they are not, they are reprimanded by supervisors.

22. It takes approximately 15 minutes to engage in this pre-shift work activity. However, Defendant does not pay them until the shift start time, thereby not paying Plaintiff and others similarly situated for compensable pre-shift work time.

23. This pre-shift work is compensable because obtaining their tools and work belts, and donning their boots, constitutes the first principal activity of Plaintiff and others like him. All time spent after the first principal activity, such as donning other gear, hand washing, waiting in line, and walking is compensable.

24. Defendant also auto-deducts 30 minutes for unpaid lunch time. However, if Plaintiff and others like him leave the facility, they are required to doff their boots and gear, and don the same when return to the facility. Though they are engaging in compensable work that takes approximately 15 minutes during an unpaid 30-minute lunch break, Defendant nevertheless deducts the full 30 minutes from their paid work time.

25. However, this is compensable work that is performed during the unpaid lunch period, therefore, Plaintiff and those similarly situated are/were not paid for the compensable work.

26. By engaging in this unpaid compensable work, Plaintiff and those similarly situated were not relieved from their duties during unpaid meal periods.

27. Additionally, rest breaks of 20 minutes or less are considered work time and are compensable.

28. At the end of the shift, Plaintiff and others similarly situated, are required to doff their uniforms, gear, and boots. They are also required to shower and wash their boots.

29. Sometimes, Plaintiff and others similarly situated are relieved from their workstations 15 minutes before their shift end times, but this is not always possible. For example, if Plaintiff or others similarly situated are in the middle of a "run," they cannot simply stop the machine to head to the locker room. They must instead finish their run, and then can go to the locker room to doff their uniforms, boots, and gear, and shower and wash their boots.

30. Plaintiff and others similarly situated clock out after they are done washing their boots and showering. However, Defendant stops paying them at their shift end times, even if their work activities extend beyond the shift end times.[2]

31. Washing their boots and showering are the last principal activities of their workdays, and Plaintiff and of those similarly situated should be paid for work time that extends beyond their scheduled shift end time.

32. The pre-shift work of obtaining tools and tool belts, donning boots, and handwashing are integral and indispensable to the work that Plaintiff and others similarly situated were hired to perform.

33. The work activity performed during unpaid lunch breaks are integral and indispensable to the work that Plaintiff and others similarly situated were hired to perform.

34. Also, the post-shift work of showering and boot washing are integral and indispensable to the work that Plaintiff and others similarly situated were hired to perform.

35. The unpaid work activity is a component of the work that Plaintiff and others similarly situated are hired to do.

---

[2] The only time employees are paid beyond their scheduled shift times, is if they are assigned to do so in advance.

36. The unpaid work activities are intrinsic elements of paint production, with which they cannot dispense if they are to perform their principal activities.

37. Plaintiff and others similarly situated were non-exempt employees under the FLSA and Ohio law, were paid an hourly wage, and performed non-exempt work in Defendant's paint production business.

38. Under the continuous workday rule, unpaid work that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity must be paid.

39. The unpaid compensable work happened consistently and regularly.

40. Plaintiff and others similarly situated, as full-time employees, regularly worked over 40 hours in a workweek. For example, Plaintiff worked an average of approximately 50 hours per week.

41. Therefore, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

42. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

44. The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current hourly paint production employees who worked at Defendant's Massillon, Ohio facility, and who worked 40 or more hours in any workweek from 3 years preceding this filing through the final resolution of this matter.**

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

46. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All former and current hourly paint production employees who worked at Defendant's Massillon, Ohio facility, and who worked 40 or more hours in any workweek from 2 years preceding this filing through the final resolution of this matter.**

48. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but estimates that it consists of at least 50 or more employees.

49. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for obtaining tools, donning tool belts and boots, boot washing, showering, and handwashing required for them to perform their paint production duties, as well as the associated travel that occurred during unpaid meal break time, and whether that resulted in the underpayment of overtime.

50. Plaintiff will adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

51. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class are common to the class as a whole, and predominate over any questions affecting only individual class members.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
**(FLSA Overtime Violations)**

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the FLSA.

55. Plaintiff and those similarly situated are not exempt from the protections of the FLSA.

56. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

57. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because such wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime - Class Violations)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

60. Plaintiff and those similarly situated are not exempt from the protections of Ohio law.

61. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated Ohio law.

62. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all similarly situated persons, collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

C. Enter judgment against Defendant and in favor of Plaintiff, the opt-ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

D. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages, and liquidated damages;

E. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

F. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and,

G. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St, Suite 808
Cleveland, OH 441214
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

# JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiff*

11